IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
NOV 12 2013
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| Bryan Armstrong, et al., | ) ) |
| Defendants. | ) |

1:13-cv-08096
Judge John F. Grady
Magistrate Judge Sheila M. Finnegan

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. 1331,1391(a)(2),1391(c)(1)(2),1391(b)(3),1441(c)(2),1446(1),1446(b),1446(2)(a), 1446(c)(1),1446(c)(2),1446(c)(3)(A),1446(c)(B),1332(a), 1441(B)(2),1446(c)(2)(A)

Now comes the defendant Bryan and Darice Armstrong (husband and wife) and in want of counsel and move this Honorable Court in notice of removal. On September 17, 2013 Federal Judge Sharon Johnson Coleman, remanded a previous case of notice of removal (13cv05727) for lack of subject matter jurisdiction under the old cited rule of 28 U.S.C. 1441(a). The defendant believe that they have met their burden when it comes to removal under the newly enacted Federal Court Jurisdiction and Venue Clarification, known as the (ACT) enacted in January 2011. In support of this motion the defendant states as follows:

## Facts

A. The plaintiff (the City of Chicago) filed a complaint against the defendant (Bryan Armstrong) in April 2, 2012.

B. In July of 2012, the defendant was served a summons by a Chicago police officer, Eddie Jones, from the city's law department.

C. My wife( Darice Armstrong) who is a named party to this suit, was not served a summons or complaint by the plaintiff.

D. The plaintiff petitioned the court to appoint a special and limited receiver.

E. The plaintiff filed a motion and it was granted July 30, 2013, to have the subject property vacated and boarded up with the ultimate purpose of securing a judicial deed to the property.

# ARGUMENTS

1. The plaintiff brought this action under the guise of enforcing the municipal ordinances of the City of Chicago.
2. The plaintiff structured the complaint in a fashion as to thwart and avoid federal scrutiny.
3. The plaintiff brought this action with the ultimate goal of dispossessing the defendant out of the subject property and petitioning state court for a judicial deed.
4. Chicago Police Officer Eddie Jones of the city's law department was not authorized under state law to serve process.
5. The service upon the defendant violates the defendant civil rights of due process.
6. The plaintiff acted in bad faith as to deem this action anything but a civil action.
7. By taking this action in such a way that the plaintiff did brings into play the amount in controversy.

8. The plaintiff enjoined the defendant as to prevent later joined defendants from removal from state court.

## Relief

A. Find that the plaintiff acted in bad faith 1446 (c) (1).
B. Find that the plaintiff fashioned the complaint to avoid federal scrutiny.
C. Find that the plaintiff violated rule 28 U.S.C. 1441 (b)(2).
D. Find that the defendant has met his burden when it comes to amount in controversy pursuant to rule 1332 (a).
E. Find that this court has jurisdiction over the amount in controversy pursuant to rule 1446 (c) (3) (A).
F. Find that the thirty-day rules governing the earlier served defendant does not apply here.
G. Find that the one-year limit in diversity does not apply here.
H. Find that the defendant has met his burden by a preponderance to move forward with this complaint.

## FEDERAL LAW

The defendant contends that the plaintiff violated the defendant's civil rights as protected by the Constitution and Laws of the United States under 42 U.S.C. 1983, 1985, and 1986, 18 U.S.C. 1621. The court has jurisdiction under 28 U.S.C. 1343 and 1367.

## JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 USC 1983 to address the deprivation under the color of law of the defendant's rights under the United States constitution and under Illinois common law.
2. This Court has jurisdiction of this case pursuant to 28 U.S.C 1331, 1343, and 1367.
3. Venue is proper under 28 USC 1391(b). All of the parties reside in this Judicial district and the events pertaining to the claims made in this complaint occurred within this district.
4. Venue is proper under 28 USC 1332(a). This Court has Jurisdiction over **all** civil cases.
5. Venue is proper. Both the plaintiff and the defendant reside in this district.
6. Venue is proper under 28 USC 1331 6(f) Derivative Removal Jurisdiction.
7. Venue is proper under Federal Rule of Removal a defendant can remove a case to Federal Court within 30 days of initial pleading or after filing an appearance. There was no appearance filed in the state court or a plea to date

WHEREFORE, Defendant prays that this Honorable Court grants his petition for relief of compensatory and punitive damages and whatever else this Honorable Court deems fair and equitable pursuant to 42 U.S.C. 1988.

Sincerely,

*[signature]* Bryan Armstrong

*[signature]* Darice Armstrong

3216 W. Fulton
Chicago IL 60624
(312) 388-9192

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

CITY OF CHICAGO
a municipal corporation,

    Plaintiff,

v.

BRYAN ARMSTRONG, et al.,

    Defendant(s).

No. 12M1401040

Re: 3216 W FULTON BLVD

# DEFENDANT MOTION TO DISMISS

The Municipal Corporation City of Chicago has no legal basis as to bring this suit against this defendant and the plaintiff's claim is without merit because the claim was based on the allegation that the property was "*unsafe*".

## Facts

1. The ordinances cited in the plaintiff, Municipal Corporation City of Chicago, complaint cites "*unsafe property*" 65 ILCS 5/11-31-1 demolition repair or remediation. Under this statute it provides that, " The corporation authorities of each municipality may demolish, repair, or enclose or cause the demolition, repair, or enclosure of dangerous and unsafe buildings or uncompleted and abandon buildings within the territory of the municipality and may remove or cause the removal of garbage, debris, and other hazardous, noxious, or unhealthy substances or materials from those buildings. In any county having adopted by referendum or otherwise a county health department as provided by division 5-25 of the Counties Code or it predecessor, the county board of that county may exercise those powers with regard to dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of any city, village, or incorporated town having less than 50,000 population".

2. "*Unsafe Property*" under the 65 ILCS 5/11-31-1 (f3) is defined as "a property that presents an actual or imminent threat to public health and safety caused by the release of hazardous substances.

"hazardous substances" under the 65 ILCS 5/11-31-1 (f 4) is defined as the same as in section 3.215 of the Environmental Protection Act which states "hazardous substances and petroleum products or a release of a petroleum product on, in or under the property". In addition, hazardous substances under 65 ILCS 5/11-31-1 (f 4) states that "the corporate authorities shall apply to the circuit court of the county on which the property is located (i) for an order allowing the municipality to enter the property and inspect and test substances on, in, or under the property; or (ii) for an order authorizing the corporate authorities to take action with respect to remediation of the property if conditions on the property, based on the inspection and testing authorized in paragraph (i), indicate the presence of hazardous substances or petroleum products. Remediation shall be deemed complete for purposes of paragraph (ii) above when the property satisfies Tier I, II or III remediation objectives for the property's most recent usage, as established by the Environmental Protection Act, and the rules and regulations promulgated thereunder. Where, upon diligent search, the identity or whereabouts of the owner or owners of the property, including the lien holders of record, is not ascertainable, notice mailed to the person or persons in whose name the real estate was last assessed is sufficient notice under this section".

4. There is nothing in the plaintiff's, the Municipal Corporation the City of Chicago, complaint that suggest that this property has any environmental concerns as the law provides under the unsafe property statute 65 ILCS 5/11-31-1(a) as the plaintiff cites this statute as the basis for this complaint.

5. In addition statute 65 ILCS 5/11-31-1(a) calls for the territory for any city, village, or incorporated town having less than a population of 50,000.

6. State law 735 ILCS 5/2-203 (c) provides that any person that knowingly set forth in a certificate or affidavit any false statement shall held libel in civil contempt.

## Relief

The defendant prays that this court dismiss with prejudice all orders against the defendant and subject property and hold the plaintiff, the City of Chicago, in contempt for misleading this court in believing that this court has jurisdiction over the defendant and grant his request for compensatory and punitive damages and whatever else that the court deems fair and equitable.

Sincerely,

*Bryan Armstrong*
Bryan Armstrong

3214 W. FULTON ST
Chicago IL 60624        (312) 388-9192

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

CITY OF CHICAGO, a municipal corporation,
  Plaintiff
  v
BRYAN ARMSTRONG
DARICE ARMSTRONG
AEGIS FUNDING CORP.
JP MORGAN CHASE BANK, NA AS SUCCESSOR TO WASHINGTON MUTUAL BANK FA
MORTGAGE ELELCTRONIC REG SYSTEMS INC. AS NOMINEE FOR AEGIS FUNDING CORP.
Unknown owners and non-record claimants
  Defendants

Case No. 12M1 401040
Amount claimed per day  5,500.00
Address:
3216 - 3216 W FULTON BLVD CHICAGO IL 60624-

## COMPLAINT FOR EQUITABLE AND OTHER RELIEF

Plaintiff, City of Chicago, a municipal corporation, by Stephen Patton, Corporate Counsel, by the undersigned Assistant(s) Corporation Counsel, complains of Defendants as follows:

Count I

1. Within the corporate limits of said city there is a parcel of real estate legally described as follows:
   16-11-405-084

   LOT 8 IN BLOCK 6 IN SUBDIVISION OF THE SOUTH 1/2 OF BLOCK 6, TOGETHER WITH THE NORTH 1/2 OF BLOCK 7, IN TYRELL, BARRETT AND KERFOOT'S SUBDIVISION OF THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 11, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

   Commonly known as
   3216 - 3216 W FULTON BLVD CHICAGO IL 60624-
   and that located thereon is a

   2  Story(s) Building
   2  Dwelling Units
   0  Non-Residential Units

2. That at all times pertinent thereto on information and belief the following named defendants owned, maintained, operated, collected rents for, or had an interest in the said property on the date(s) herein set forth.

BRYAN ARMSTRONG , OWNER

DARICE ARMSTRONG , OWNER

AEGIS FUNDING CORP. , MORTGAGE HOLDER

JP MORGAN CHASE BANK, NA AS SUCCESSOR TO WASHINGTON MUTUAL BANK FA , MORTGAGE HOLDER

MORTGAGE ELELCTRONIC REG SYSTEMS INC. AS NOMINEE FOR AEGIS FUNDING CORP. , MORTGAGE HOLDER

Unknown owners and non-record claimants

3. That on 12/16/2011 and on each succeeding day thereafter and on numerous other occasions, the defendant(s) failed to comply with the Municipal Code of City of Chicago as follows:

1   CN196029

Post name, address, and telephone of owner, owner's agent for managing, controlling or collecting rents, and any other person managing or controlling building conspicuously where accessible or visible to public way. (13-12-030)

No owner's / management sign posted.

Location: OTHER : :Building

SEQ #: 001

2   CN067014

Failed to maintain roof in sound condition and repair, watertight and free from defects. (13-196-530, 13-196-530(c) and 13-196-641)

Bay roof - rotted wood, missing facia and eaves.

Location: EXTERIOR:S :South elevation

SEQ #: 002

3   CN061014

Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls. (13-196-530(b), 13-196-641)

Washed out mortar various locations throughout.

Location: EXTERIOR:S :South elevation

SEQ #: 003

4   CN062014

Failed to maintain the parapet wall and coping in good repair and free from cracks and defects. (13-196-530, 13-196-530(e) and 13-196-641)

Parapet wall and coping stones - leaning outwards, missing, spalling bricks and washed out mortar. Coping stones shifted and washed out mortar.

Location: EXTERIOR:E :East elevation

SEQ #: 004

5   CN070014

Failed to maintain exterior stairways in safe condition and in sound repair. (13-196-570, 13-196-641)

Spalled concrete treads.

Location: EXTERIOR:S :Front stairs to 1st floor

SEQ #: 005

6        CN070034

Failed to rebuild or replace dilapidated and dangerous porch. (13-196-570, 13-196-641)

1. Dangerous and hazardous conditions - porch system is pulling away from building.
2. Rotted wood throughout.
3. 6x6 columns resting on loose and shifting stones.
4. Foundation status unknown.
5. Beam to column connections inadequate.
6. Lookout beams over spanned.
7. Lookout beams missing tie straps.
8. Stair stringers inadeqautely supported.
9. Stair stringers improperly cut.
10. Stair treads undersized.
11. 2x8 joist over spanned.
12. Guardrails under 42 inches in height.
13. Plans and permit required.

Location:   EXTERIOR:N  :Rear porch

SEQ #: 006

7        CN063014

Failed to maintain chimney in safe and sound working condition. (13-196-590, 13-196-530(b) and (c), 13-196-641)

All chimneys - missing, spalling bricks and washed out mortar.

Location:   OTHER  :  :3 chimneys

SEQ #: 007

8        CN138106

Remove and stop nuisance. (7-28-060)

Abandonded box truck in rear yard.

Location:   OTHER  :  :Rear yard

SEQ #: 008

9        CN138056

Remove accumulation of refuse and debris and keep premises clean. (13-196-580, 13-196-630)

Junk and debri throghout rear yard.

Location:   OTHER  :  :Rear yard

SEQ #: 009

10       CN190019

Arrange for inspection of premises. (13-12-100)

No response, unverified detectors, conditions and occupancy. Unable to verify complaint of only one exit from basement.

Location:   INTERIOR:-1  :Interior of building

SEQ #: 010

11       NC2021

Performed or allowed work to be performed erecting, enlarging, altering, repairing, removing or demolishing a building or part of a building without a permit. (13-12-050, 13-32-010, 13-32-130)

No permit on file for installing wrought iron fence and gate.

Location:   OTHER  :  :Rear fence

SEQ #: 011

\*\*\* End of Violations \*\*\*

4. That Michael Merchant is the Commissioner of the Department of Buildings of City of Chicago, and as such and pursuant to the Building Code of City of Chicago, caused inspection(s) to be conducted by inspectors of the Department of Buildings of City of Chicago, who have knowledge of the facts stated in this complaint.

5. That this proceeding is brought pursuant to the provisions of the Municipal Code of Chicago, and Chapter 65, Section 5/11-31-1, 5/11-31-2, and 5/11-13-15 of the Illinois Compiled Statutes, as amended.

Wherefore, plaintiff prays for a fine against the defendants, as provided under 13-12-020 of the Municipal Code of Chicago, in the amount indicated on the heading of the Complaint for each day said violations have existed and/or exist, said fine computed in accordance with Section 13-12-040 of the Municipal Code of Chicago.

## Count II

Plaintiff, City of Chicago, a municipal corporation, realleges the allegations of paragraphs one through five of Count I as paragraphs one through five of Count II and further alleges:

6. That the levying of a fine is not an adequate remedy to secure the abatement of the aforestated municipal code violations and the public nuisance which they constitute, and that it is necessary that a temporary and permanent injunction issue and, if necessary, that a receiver be appointed, to bring the subject property into compliance with the Municipal Code of Chicago.

7. That Michael Merchant, the Commissioner of the Department of Buildings, City of Chicago, has determined said building does not comply with the minimum standards of health and safety set forth in the Building Code.

**WHEREFORE, PLAINTIFF PRAYS:**

a. For a temporary and permanent injunction requiring the defendants to correct the violations alleged in the complaint and to restrain future violations permanently, pursuant to 65 ILCS 5/11-31-1 (a), 5/11-31-2 and 5/11-13-15 and 13-12-070 of the Municipal Code.

b. For the appointment of receiver, if necessary, to correct the conditions alleged in the Complaint with the full powers of receivership including the right to issue and sell receivers certificates in accordance with Section 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended.

c. For an order authorizing the plaintiff to demolish, repair, enclose or clean up said premises, if necessary, and a judgment against defendants and a lien on the subject property for these costs in accordance with Section 5/11-31-1 (a) of Chapter 65 of the Illinois Compiled Statutes, as amended.

d. If appropriate and under proper petition, for an order declaring the property abandoned under Section 5/11-31-1 (d) of Chapter 65 of the Illinois Compiled Statutes as amended and for an order granting City of Chicago a judicial deed to the property if declared abandoned.

e. If a statutory lien is obtained in this proceeding under Section 5/11-31-1 or 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended, for an order permitting foreclosure of said lien in this proceeding.

f. For reasonable attorney fees and litigation and court costs.

g. For such other and further relief as may be necessary in the premises and which the court shall deem necessary.

CITY OF CHICAGO, a municipal corporation

By: _/s/ B Baker_

ASSISTANT CORPORATION COUNSEL

## VERIFICATION

The undersigned, being first duly sworn on oath, deposes and says that he/she is the duly authorized agent of the plaintiff for the purpose of making this affidavit; that he/she has read the above and forgoing complaint, and has knowledge of the contents thereof, and that matters set out therein are true in substance and in fact, and as to matters alleged on information and belief that he/she believes them to be true.

Subscribed and sworn to before me this 24th Day of Feb 20 12

By: Doris Logan

_____
Deputy Circuit Court Clerk or Notary Public

OFFICIAL SEAL
DORIS LOGAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 08/...

For further information Contact: Department of Buildings
Public Information Desk (312) 744 3400

**Stephen Patton**
Corporation Counsel
Attorney for Plaintiff

By: _____

Assistant Corporation Counsel
30 N LaSalle St. 7th floor
Chicago, Illinois 60602
Atty. No 90909
(312) 744-8791